IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FILIMOELEA TASILA and KALONISIA TASILA, husband and wife,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MICHAEL W. ISBELL and EMILY G. ISBELL,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12-cv-01115<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Plaintiffs Filimoelea and Kalonisia Tasila's Motion for Summary Judgment. (Dkt. No. 22). Also before the court is Defendants Michael and Emily Isbell's Motion to Deny Amendment to Pleadings. (Dkt. No. 27). Pursuant to civil rule 7-1(f) of the Rule of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument on the motions is not necessary. *See* DUCivR 7-1(f). After carefully reviewing the parties' filings and relevant legal authorities, the court GRANTS Plaintiffs' Motion for the reasons discussed below. Because the court finds it unnecessary to reach the issues of laches or unclean hands, Defendants' Motion is DENIED AS MOOT.

## BACKGROUND

This case arises as a result of nonjudicial foreclosure proceedings initiated by Michael Isbell in relation to a trust deed signed by Plaintiffs. On November 2, 1992, Plaintiffs purchased a property in Oregon from Michael and Emily Isbell for $199,000. Of that amount, $25,000 had

been paid at time the sale contract was executed. To cover the remainder, Plaintiffs signed two promissory notes: Note A for $77,000 and Note B for $97,000, which were secured by trust deeds on a property owned by Kalonisia Tasila located at 1798 West 600 North, Salt Lake City, Utah 84116 ("Utah property"). The notes were due and payable on November 1, 1994, and December 1, 2003, respectively.

The real estate transaction went sour, and on December 15, 1994, Plaintiffs filed suit against Defendants in an Oregon state court. That action was resolved by settlement of the parties, who stipulated that Plaintiffs would return possession of the Oregon house to Defendants, and that Defendants would release their claim for payment on Note B. The parties dispute whether Defendants also agreed to release their claim for payment on Note A and the corresponding trust deed. Defendants note that they could not have done so because they had already assigned all their interests therein to Grace C. Baugh on January 26, 1993.[1] (Dkt. No. 26-2).

In 2012, Michael Isbell was contacted by the Salt Lake County Tax Administration Department, which informed him that the Utah property was to be sold at a tax sale on account of past due taxes. Isbell paid the taxes that were owed and, as trustee for Note A and the deed of trust, proceeded to initiate non-judicial foreclosure proceedings against the Utah property. Plaintiffs then filed this action seeking a declaratory judgment that Defendants' non-judicial foreclosure is barred by the statute of limitations.

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A 'material fact' is one which could have an impact on the outcome of the lawsuit, while a 'genuine issue' of such a material fact exists if a rational jury could find in favor of the non-

---

[1] Ms. Baugh transferred her interest in Note A to a "William B. T. Isbell" on May 15, 2012. (Dkt. No. 26-3).

moving party based on the evidence presented." *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1216 (10th Cir. 2000). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court finds no genuine dispute of material fact that would preclude the court from entertaining summary judgment in this case. As analyzed below, the court finds that Plaintiffs are entitled to summary judgment as a matter of law.

**I. Statute of Limitations**

Plaintiffs contend that the non-judicial foreclosure is time-barred under the applicable statute of limitations. According to UTAH CODE ANN. § 78B-2-309(2) (2015), "An action may be brought within six years . . . upon any contract, obligation, or liability founded upon an instrument in writing." In this case, liability is founded on the promissory note and trust deed because "the fact of liability arises or is assumed or imposed from the instrument itself, or its recitals." *Bracklein v. Realty Insurance Co.*, 80 P.2d 471, 476 (Utah 1938). Since Note A matured in 1994, this means that the latest time an action on the note could have been instituted was in 2000. However, Grace Pugh, who was the interest holder on the note at the time it became due and payable, never filed a notice of default and did not initiate any foreclosure proceedings. While the note was subsequently assigned to William B. T. Isbell, an assignee stands in the shoes of the assignor and is subject to any defenses that would have been good against the assignor. *Sunridge Dev. Corp. v. RB&G Eng'g, Inc.*, 2010 UT 6, ¶ 13, 230 P.3d 1000. Because the non-judicial foreclosure was brought twelve years after the statute of limitations expired, it is untimely and barred under § 78B-2-309(2).

Defendants argue that the language "An action" in § 78B-2-309 refers to a judicial action,

and since the foreclosure is a non-judicial proceeding, the statute of limitations does not apply. This argument has no basis in precedent, given that the Utah Supreme Court has applied § 78B-2-309 to non-judicial foreclosures. In *Timm v. Dewsnup*, after debtors defaulted on multiple promissory notes on June 1, 1980, lenders conducted a non-judicial foreclosure sale of the trust-deed property securing the notes on April 29, 1994. 2003 UT 47, ¶¶ 3-5, 12, 83 P.3d 699. Noting that the non-judicial foreclosure was subject to the six year limitations period specified in Utah Code § 78-12-23(2),[2] the Utah Supreme Court held that the sale was not untimely because the statute of limitations had been stayed by the debtor's bankruptcy proceedings. *Id.* at ¶¶ 18-22. In this case, Defendants have raised no argument that the statute of limitations was somehow stayed or tolled, and so are unable to recover on this time barred claim.

Even if Defendants were correct that the obligation in question was created, and is therefore governed, by the laws of the State of Oregon, they fare no better than under Utah law. Title Nine, Chapter 86 of the Oregon Revised Statutes governs trust deeds. Specifically, section 86.815 provides that "foreclosure of a trust deed by advertisement and sale," i.e. a non-judicial foreclosure, "shall be commenced within the time, including extensions, provided by ORS 88.110 and 88.120 for the foreclosure of a mortgage on real property." OR. REV. STAT. § 86.815 (2015). Section 88.110 states that:

> no mortgage upon real property shall be a lien upon such property after the expiration of 10 years from the later of the date of maturity of the mortgage debt, the expiration of the term of the mortgage debt or the date to which the payment thereof has been extended by agreement of record; **and after such 10 years the mortgage shall be conclusively presumed paid and discharged**, and no suit shall be maintainable for its foreclosure.

OR. REV. STAT. § 88.110 (2015) (emphasis added).[3] The only exception to this limitation, as set

---

[2] This section was renumbered as 78B-2-309 in 2008. *See* UTAH CODE ANN. § 78B-2-309 (2015) amend. notes.
[3] Any argument that the mortgage debt matured or expired on December 1, 2003 because of Note B fails on the basis that said obligation was released by Defendants pursuant to the settlement in the Oregon suit. (Dkt. No. 3-2, ¶ 12).

out in section 88.120, is not applicable because Defendants have presented no evidence that Plaintiffs paid any portion of the mortgage debt or interest in the ten years immediately preceding the commencement of foreclosure proceedings. *See Richey Loan Co. v. Cheldelin*, 34 P.2d 646, 647 (Or. 1934) (burden of proof on party seeking to foreclose).

Finally, contrary to Defendants' arguments, a non-judicial foreclosure is not an action for equitable recoupment. Recoupment presents a situation where **a defendant** receives a rebate on plaintiff's claim arising from the same transaction. *Mark VII Fin. Consultants Corp. v. Smedley*, 792 P.2d 130, 132-33 (Utah Ct. App. 1990). In Defendants' non-judicial foreclosure, the sole claim being asserted is based on the failure to pay the promissory note. With no mutual and subsisting demands between the parties, there is no basis for asserting recoupment under Utah law. *Id.*[4] Accordingly, Defendant's contention that statutes of limitations do not apply to equitable claims are unavailing.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' Motion for Summary Judgment, (Dkt. No. 22), and DENIES AS MOOT Defendants' Motion to Deny Amendment to Pleadings, (Dkt. No. 27).

SO ORDERED this 27th day of March, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

---

[4] The result would be the same under Oregon law. *See Welsh v. Case*, 180 Ore. App. 370, 376 (Or. Ct. App. 2002) ("Recoupment . . . refers to the defendant's right, in the same action, to cut down on the plaintiff's demand . . . . [It] applies only by way of reduction, mitigation, or abatement of damages claimed by the plaintiff and is not an independent action.").